## EVANS v. THIBAULTS.

September 29, 1838.

*Rule to show cause why an execution should not be set aside, and the judgment against a terre tenant be opened.*

Where a judgment is obtained by A. against B., which is a lien on four several pieces of property owned by the defendant, and B. subsequently conveys the properties to different persons, and A. having released one of the properties from the lien of his judgment, levies on, condemns and issues a *venditioni exponas* against two of the other parcels; *Held,*

1. That the court will not entertain an application of the *terre tenant* of one of the properties, to set aside the execution and open the judgment as to him.

2. If the *terre tenant* have any equitable rights, they will not be enforced summarily on a motion to set aside the execution, or by directing the sheriff how to execute it.

IN this case, a *scire facias* to revive judgment, had issued to June term, 1837, 1222. The original was to Dec. 1835, No. 47. D. S. B. 16,000 dollars, in which Griffith Evans was plaintiff, and F. & F. Thibault, were defendants.

The service of the *scire facias* was accepted by Thibaults and served on the terre tenants, hereinafter named.

[Evans v. Thibaults.]

Judgment was obtained August 26, 1837, by default, for want of an affidavit of defence, and damages were assessed at 7,693 dollars.

Plaintiff issued a *fieri facias* to March, 1838, and the sheriff returned " levied and condemned," as to the properties hereinafter numbered two and three.

The following conveyances of property bound by the judgment were made by the defendants.

No. 1.
F. & F. Thibault,
to
Griffith Evans.

Ind. 12th April, 1836, A. M. 75, p. 305, 5 ground rents of par value of 16,733 dollars 33 cents.

No. 2.
Same,
to
Archibald Robertson.

| Ind. 12th April, 1836, S. H. F. No. 6, p. 288.   House and lot on Chestnut Street, | |
|---|---|
| Cons. - - - - - | $4,100 |
| less a mortgage, - - - | 1,400 |
| | $2,700 |

No. 3.
Same,
to
Susan McKane.

Ind. 31st August, 1836, S. H. F. No. 6, p. 347.   House and lot on Tenth Street. Cons. 2,500 dollars.

No. 4.
Same,
to
H. B. Pennock.

| Ind. 28th April, 1836, S. H. F. No. 1, p. 519.   Cons. - - - - | $2,700 |
|---|---|
| Two lots on Schuylkill Fourth Street, less mortgage, - | 1,500 |
| | $1,200 |

May 12, 1836, G. Evans executed a release of the two lots on Schuylkill Fourth Street, (No. 4,) from lien of his judgment.

The *venditioni exponas* issued, returnable first Monday of July, 1838, for sale of

No. 2. The house and lot in Chestnut Street, owned by A. Robertson.

No. 3. The house and lot in Tenth Street, owned by Susan McKane.

This was a rule to show cause why an execution should not

[Evans v. Thibaults.]

be set aside, the judgment opened so far as regards A. Robertson, and why he should not be let into a defence.

*Newbold,* for the rule.

1. If the release of the lien on property No. 4, is good, it is a release of all the properties jointly bound.

2. If it is not good, then equity will call for a sale of the properties first described. There should be contribution among all. Taylor *v.* Maris, 5 *Rawle* 51 ; Wentz *v.* Dehaven, 1 *S. & R.* 312 ; Naylor *v.* Stanley, 10 *S. & R.* 450 ; Corp. *v.* Wallace, 3 *Rawle* 109 ; 6 *Rep. of Commrs.* 194, 221.

*G. M. Wharton,* contra.

The application is unprecedented, and the court cannot interfere. Dickey's case, *Journal Jurisprudence* 92 ; Catlin *v.* Robinson, 2 *Watts* 379 ; 1 *Watts* 425 ; 3 *Whar. R.* 113, 114 ; 4 *Yeates* 308 ; 1 *Peters* 243.

PER CURIAM.—Whatever jurisdiction is exercised by the courts in Pennsylvania, so as to enforce the doctrines of a court of equity, yet we cannot perceive in this case, on the statement of facts, what is the precise equity between the parties. Nor is it available to us to settle that equity, if any exists, on a mere motion to set aside an execution, or to direct the sheriff as to the manner in which he shall execute it. The judgment is regular, there is no allegation of payment, and the execution is against the lands bound by the judgment. This rule must therefore be discharged, leaving Robertson, the terre tenant of one of the properties, to pursue a remedy in another mode, either against the plaintiff, the sheriff, or the other terre tenants, if he has a right which can be enforced.

Rule discharged.